UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD L. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 18-cv-10238-DJC |
| ) | |
| SOUTHWEST CREDIT SYSTEMS, L.P., ) et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                              December 5, 2018

## I.   Introduction

Plaintiff Donald Brown ("Brown") has filed this lawsuit *pro se* alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Massachusetts Fair Debt Collection Act and the Massachusetts Consumer Protection Act ("MCPA"), Mass. Gen. L. c. 93A. D. 1-1. Over the course of this litigation, three Defendants have been dismissed by stipulation, D. 28-30, leaving only Defendant Southwest Credit Systems, L.P. ("SWC"). SWC has moved for summary judgment. D. 44. For the reasons stated below, the Court ALLOWS SWC's motion.

## II.  Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the

1

outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The movant "bears the burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor," Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). "As a general rule, that requires the production of evidence that is 'significant[ly] probative.'" Id. (alteration in original) (quoting Anderson, 477 U.S. at 249). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

When a motion for summary judgment is unopposed, the Court "is still bound to review the case on the merits based on the uncontroverted facts before [the Court]." Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (citing Fed. R. Civ. P. 56(e)). "[E]ven an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 13 (1st Cir. 2007) (citing Vélez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004)). "In most cases, however, a party's failure to oppose summary judgment is fatal to its case." Ferreira v. Mortg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 297, 301 (D. Mass. 2011) (citation and internal quotation marks omitted).

### III. Factual Background

Because Brown did not did not file an opposition or move for additional time to do so, the Court deems the following supported facts from SWC's motion for summary judgment to be admitted. See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (quoting D. Mass. L.R. 56.1) (providing that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties") (internal quotation marks omitted).

SWC sent Brown a letter on October 20, 2016 informing him that his "account ha[d] been assigned to [its] office for collection" and advising him that absent a response within 30 days of receipt, SWC would assume the debt was valid. D. 45-3 at 2. On November 18, 2016, SWC received a copy of the letter from Brown with the words "Disputed! No Calls!" written over the text. D. 45-6 at 2. Brown included a letter explaining that Comcast had quoted him a lower price than the one he had been charged and accordingly "refuse[d] to pay the enclosed bill." D. 45-6 at 3. He also included a copy of his Comcast bill with "Disputed" written on it. D. 45-6 at 5. On July 14, 2017, SWC sent Brown another letter advising him that SWC had received his dispute regarding the debt and confirmed that his balance was nonetheless due in full at that time. D. 45-4 at 2.

### IV. Procedural History

Brown filed this action in state court against four Defendants on January 8, 2018. D. 1-1. On February 6, 2018, the matter was removed to this Court. D. 1. Several months later, three Defendants were dismissed by stipulation, D. 28-30, leaving SWC as the only remaining Defendant. Accordingly, the only counts pending before the Court are Counts Eleven through

Fourteen of Brown's complaint, which pertain to SWC. SWC has now moved for summary judgment. D. 44. Brown, acting *pro se*, did not file an opposition. Brown also did not appear at the noticed and scheduled hearing on November 27, 2018 on this motion. That day, in light of Brown's failure to appear, the Court took the motion under advisement on the papers. D. 46.

V.     **Discussion**

SWC argues initially that the Court need not conducts a merits analysis because Brown failed to respond to discovery requests within the time allotted under Fed. R. Civ. P. 36 and they are deemed to have admitted that SWC did not commit any of the violations alleged in the complaint. D. 45 at 2-3. Although the Court might be justified in doing so, see Fed. R. Civ. P. 56(e) (indicating that the Court may issue any "appropriate order" if a party fails to properly address another party's assertion of fact as required by Rule 56(c)"); see also Ferreira, 794 F. Supp. 2d at 301, since even under a merits analysis, the Court concludes that SWC is entitled to summary judgment, the Court turns now to the merits and need not reach SWC's alternative basis for granting summary judgment.

   A.     **FDCPA and Massachusetts Fair Debt Collection Act (Counts Eleven and Twelve)**

Brown alleges that SWC violated both the FDCPA and the Massachusetts Fair Debt Collection Act by "continuously dunn[ing] [Brown] regarding an alleged overdue balance." D. 1-1 ¶¶ 89, 92.

The Court first considers the FDCPA claim (Count Eleven). Brown must establish three elements for a viable FDCPA claim: "(1) that [he] was the object of collection activity arising from consumer debt, (2) defendant[] [is a] debt collector[] as defined by the FDCPA, and (3) defendant[] engaged in an act or omission prohibited by the FDCPA." O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 30 (D. Mass. 2014). The Court's analysis turns on the final element.

4

Brown did not specify which provision of the FDCPA he claimed SWC had violated, but the Court and SWC understand him to be referring to 15 U.S.C. § 1692d.[1] Section 1692d prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Id. An action to enforce liability under the FDCPA may be brought in federal court "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Because Brown filed this lawsuit on January 8, 2018, SWC could only be liable under the FDCPA for conduct that occurred between January 8, 2017 and January 8, 2018.

Based upon the uncontroverted record here, SWC contacted Brown only one time during the relevant time period by means of the July 14, 2017 letter informing Brown that SWC had received his dispute regarding the debt and confirmed that his balance was nonetheless due in full at that time. D. 45-4; D. 45-5 at 3-4. In similar circumstances, a court in this district has previously held that a plaintiff's claim under § 1692d failed as a matter of law because she did not show how the defendant's singular letter to her was sufficiently egregious so as to, on its own, give rise to liability under the FDCPA. Pollard v. Law Office of Mandy L. Spaulding, 967 F. Supp. 2d 470, 475 (D. Mass. 2013). Like the letter in Pollard, here the letter to Brown did not contain obscene or threatening language. Id. And like in Pollard, here the Court concludes that the singular letter from SWC in response to Brown's dispute letter does not constitute harassment or abuse.

Even if the statute of limitations did not apply, Brown's claim under the FDCPA would still fail. Section 1692d prohibits "only oppressive and outrageous conduct." Id. (citation and

---

[1] To the extent Brown may be indirectly invoking a claim under § 1692e for "false, deceptive, or misleading representation or means in connection with the collecting of any debt," there is no evidence, or even an allegation in the complaint, to support the contention that such a deception occurred.

5

internal quotation marks omitted). The entirety of Brown's evidence of "dunning" consists of his response to SWC's interrogatory in which he stated: "The defendant sent two dunning letters and made three dunning phone calls to the plaintiff[.]" D. 45-7 at 5.[2] SWC admits that the October 2016 letter it sent Brown was in fact a "dunning" letter, D. 45 at 7, but provides records showing that SWC ceased initiating contact with Brown after receiving his dispute letter in November 2016, D. 45-5 at 3-4. As discussed above, the only other contact SWC made with Brown was to inform him about the results of its investigation in response to his dispute of the debt. Brown's allegations of dunning phone calls that violate the FDCPA are similarly insufficient to stave off summary judgment because there is no evidence in the record about which calls Brown deemed to be "dunning," how the calls ran afoul of the FDCPA or even that any calls actually occurred after Brown requested that SWC not contact him. The Court, therefore, grants SWC's motion for summary judgment as to Count Eleven.

Next, the Court considers Brown's identical allegations under the "Massachusetts Fair Debt Collection Practices Act" (Count Twelve). There is no statute with that name under Massachusetts law. O'Connor, 992 F. Supp. 2d at 33 n.3. The Court understands Brown to be referring either to the debt collection regulations, 940 C.M.R. § 7.00, or to Mass. Gen. L. c. 93, § 49, which prohibits the collection of debts in an "unfair, deceptive or unreasonable manner." Courts have held conclusively, however, that there is no private right of action under either provision. See, e.g., O'Connor, 992 F. Supp. at 33-34; Jones v. NCO Fin. Servs., Civ. A. No. 13-12101, 2014 WL 6390633, at *4 (D. Mass. Nov. 14, 2014). A private right of action does exist under Mass. Gen. L. c. 93A for vindicating a private citizen's rights for unfair or deceptive acts or

---

[2] Brown has not supplemented his answers with the exact dates of the phone calls from his phone records. See D. 45-7 at 5.

practices, which Brown asserts in Count Fourteen and which the Court addresses below. With respect to Count Twelve, however, SWC is entitled to summary judgment.

B.     **FCRA (Count Thirteen)**

Brown alleges that SWC violated the FCRA by "failing to remove references to [Brown's] alleged delinquent account from the three national credit reporting agencies," D. 1-1 ¶ 95, and knew or should have known that failing to do so "would cause great harm to [Brown]," id. ¶ 96. Brown does not specify a particular provision of the FCRA that has been violated but the Court understands him to be referring to 15 U.S.C. § 1681s-2. Section 1681s-2 is the provision under which a "furnisher of information," such as a debt collector, can be sued under the FCRA. Chiang v. MBNA, 634 F. Supp. 2d 164, 167 (D. Mass. 2009) (quoting Vazquez-Garcia v. Trans Union de P.R., 222 F. Supp. 2d 150, 154 n.5 (D.P.R. 2002)) (noting that courts consider a "furnisher of information" under § 1681s-2 to be "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies . . . ").

Section 1681s-2 of the FCRA imposes two types of duties on furnishers of credit information. First, a furnisher must ensure that the information it provides to consumer reporting agencies is accurate. 15 U.S.C. § 1681s-2(a). Second, "when a furnisher receives notice of a dispute as to the completeness or accuracy of any information provided to a consumer reporting agency, the furnisher is required to conduct an investigation, report the results of the information to the consumer reporting agencies, and, if any inaccuracies are identified, modify, delete, or block the reporting of that erroneous information." Chiang, 634 F. Supp. 2d at 167 (citing 15 U.S.C. § 1681s-2(b)).

There is no evidence in the record that SWC violated either type of duty enumerated in § 1681s-2. As to the first type, there is no evidence that FCRA provided any inaccurate

information to a consumer reporting agency. The undisputed evidence shows that SWC conducted an investigation in response to Brown's notice of dispute and concluded that Brown owed the debt in full to SWC. See D. 45-4 (informing Brown that "[t]he results of [SWC's] investigation confirm[ed] that the balance indicated [was] due in full . . . "). An entry on Brown's SWC account history from after Brown submitted his dispute to SWC corroborates the investigation by stating that an SWC user "VERIFIED BALANCE OWED [WAS] CORRECT." D. 45-5 at 4. As to the second type of duty, Brown's allegations lack an essential prerequisite to liability. "[C]ourts have 'uniformly' concluded that Section 1681s-2(b) 'provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to plaintiff alone, that the credit information was disputed.'" Chiang, 634 F. Supp. 2d at 167 (quoting Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11-12 (D. Mass. 2004)). Brown does not allege that he disputed the debt with any consumer reporting agency or that the credit reporting agency provided SWC with notice of the dispute. The Court, therefore, holds that SWC is entitled to summary judgment on Brown's FCRA claim (Count Thirteen).

    C.    **MCPA (Count Fourteen)**

Brown alleges that SWC violated the MCPA, Chapter 93A, by behaving in a way that "shocks the conscience and is unfair and deceptive business practices [sic]." D. 1-1 ¶ 101. To prevail on this cause of action, Brown "must prove that a person who engaged in trade or business committed an unfair or deceptive trade practice and that [he] suffered a loss of money or property as a result." Markle v. HSBC Mortg. Corp. (USA), 844 F. Supp. 2d 172, 185 (D. Mass. 2011) (citation and internal quotation marks omitted). In determining whether a trade practice is unfair, courts generally consider "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral,

unethical, oppressive or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009) (alterations in original) (citation and internal quotation mark omitted). An act is deceptive if it has "the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted." Maldonado v. AMS Servicing LLC, Nos. 11–40044–FDS, 11–40219–FDS, 2012 WL 220249, at *7 (D. Mass. Jan. 24, 2012) (citing Aspinall v. Philip Morris Cos., 442 Mass. 381, 394 (2004) (internal quotation marks omitted)).

To the extent Brown's claim is predicated upon the existence of a violation of the FDCPA or FCRA, a derivative MCPA claim cannot stand. As discussed above, there is no evidence in the record that SWC violated the FDCPA or the FCRA.

The Court recognizes that "it is neither necessary nor sufficient that a particular act or practice violate common or statutory law" to make out a claim under the MCPA. Kozaryn v. Ocwen Loan Servicing, LLC, 784 F. Supp. 2d 100, 102 (D. Mass. 2011) (quoting Mass. Eye and Ear Infirmary, 552 F.3d at 66 (internal quotation marks omitted)). In this case, however, Brown's allegations do not provide a sufficient factual basis otherwise to sustain a claim under the MCPA. Even considering the allegations in the complaint, Brown has failed to identify a way in which SWC acted unfairly or deceptively. Brown's allegation that SWC failed to remove references to his debt from the national credit reporting agencies does not rise to the level of an "unfair or deceptive" practice. See Leet v. Cellco P'ship, Civ. A. No. 06-40096-FDS, 2007 WL 3332803, at *2 (D. Mass. Oct. 19, 2007) (concluding that taking a long time to remove "derogatory information" from a credit report was not a Chapter 93A violation, as there was no attempt to "manipulate or deceive" the plaintiff). Similarly, Brown fails to provide any facts suggesting that

the three calls and two letters he received from SWC were deceptive. The Court, therefore, grants summary judgment to SWC on Count Fourteen.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS SWC's motion for summary judgment, D. 44.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge